**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000384
21-MAY-2018
08:06 AM**

NO. CAAP-14-0000384

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
DANNETTE GODINES, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH/SOUTH HILO DIVISION
(CASE NO. 3DTC-13-000064)

SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., Leonard and Chan, JJ.)

Defendant-Appellant Dannette Godines (**Godines**) appeals
from the Notice of Entry of Judgment and/or Order, filed on
December 27, 2013, in the District Court of the Third Circuit,
North/South Hilo Division (**District Court**).[1]  Godines was found
guilty under Hawaii Revised Statutes (**HRS**) § 431:10C-104 (2005),[2]

---

[1]  The Honorable Barbara T. Takase presided.

[2]  HRS § 431:10C-104 provides:

> §431:10C-104  **Conditions of operation and registration of
> motor vehicles.** (a) Except as provided in section
> 431:10C-105, no person shall operate or use a motor vehicle
> upon any public street, road, or highway of this State at
> any time unless such motor vehicle is insured at all times
> under a motor vehicle insurance policy.
>      (b) Every owner of a motor vehicle used or operated at
> any time upon any public street, road, or highway of this
> State shall obtain a motor vehicle insurance policy upon
> such vehicle which provides the coverage required by this
> article and shall maintain the motor vehicle insurance

for operating a vehicle without motor vehicle insurance.

This case is currently on remand to us from the Hawai'i Supreme Court. When this appeal was initially before this court, Godines requested waiver of her transcript costs under HRS § 802-7 (2014).[3] This court denied her request for waiver of transcript costs on grounds that Godines was not a "criminal defendant" as required by HRS § 802-7. Godines proceeded with her appeal without any of the District Court transcripts, and stated her point of error as follows:

> [T]he trial Court committed reversible error when they [sic] tried Appellant as a criminal defendant under [Hawai'i Rules of Penal Procedure (**HRPP**)] and [Hawaii Rules of Evidence (**HRE**)], sending her directly to trial de novo, yet without counsel, while the prosecutor maintained an active presence throughout the entirety of the proceedings. The trial Court did so in direct opposition to HRS § 291D-8 and the governing [Hawaii Civil Traffic Rules (**HCTR**)].

---

> policy at all times for the entire motor vehicle registration period.
>     (c) Any person who violates the provisions of this section shall be subject to the provisions of section 431:10C-117(a).
>     (d) The provisions of this article shall not apply to any vehicle owned by or registered in the name of any agency of the federal government, or to any antique motor vehicle as defined in section 249-1.

[3] HRS § 802-7 provides:

> **§802-7 Litigation expenses.** The court may, upon a satisfactory showing that a criminal defendant is unable to pay for transcripts or witness fees and transportation, or for investigatory, expert or other services, and upon a finding that the same are necessary for an adequate defense, direct that such expenses be paid from available court funds or waived, as the case may be; provided that where the defendant is represented by the state public defender or by other counsel appointed by the court except for such other counsel appointed by the court for reasons of conflict of interest on the part of the public defender, the public defender shall pay for or authorize payment for the same, if the public defender determines that the defendant is unable to pay for the same and that the same are necessary for an adequate defense, and if there is a dispute as to the financial ability of the defendant such dispute shall be resolved by the court. In cases where other counsel have been appointed by the court for reasons of conflict of interest, the court may, upon the requisite showing of inability to pay and a finding that such expenses are necessary for an adequate defense as set forth above, direct that such expenses be paid from available court funds or waived, as the case may be.

In short, Godines argued that the District Court committed reversible error by failing to adjudicate her case pursuant to HRS Chapter 291D and the HCTR.  In a Summary Disposition Order filed on December 21, 2015, we affirmed the District Court and concluded that Godines's violation was not a traffic infraction within HRS Chapter 291D.  State v. Godines, No. CAAP-14-0000384, 2015 WL 9465286, at *1-2 (Haw. App. Dec. 21, 2015) (SDO).

The Hawai'i Supreme Court granted Godines' Application for Writ of Certiorari on May 4, 2016.  State v. Godines, No. CAAP-14-0000384, 2015 WL 9465286 (Haw. App. Dec. 21, 2015) (SDO), cert. granted, No. SCWC-14-0000384, 2016 WL 2957416 (May 4, 2016).

On August 5, 2016, the supreme court issued its Opinion, in which it held that: (1) this court correctly determined that HRS Chapter 291D did not apply to Godines' case; however (2) this court erred in denying Godines' request for transcript costs on the basis that she was not a criminal defendant under HRS § 802-7.  State v. Godines, 138 Hawai'i 243, 254, 378 P.3d 959, 970 (2016).

Thus, the supreme court remanded the case to this court and instructed that we "consider Godines' request under HRS § 802-7 and determine whether she is entitled to waiver of her transcript costs."  Id. at 253, 378 P.3d at 969.  The supreme court instructed that we:

> consider two factors (1) whether Godines "is unable to pay for transcripts . . . fees" and (2) whether the transcripts "are necessary for an adequate defense." HRS § 802-7. Pursuant to State v. Scott, to determine whether a particular transcript is necessary, the ICA should consider "(1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript." 131 Hawai'i 333, 340, 319 P.3d 252, 259 (2013). If the two factors are satisfied, Godines' transcript costs should be waived, and her appeal should proceed accordingly. See id. at 345, 319 P.3d at 264 ("Although the language of HRS § 802-7 suggests that the court has discretion ['[t]he court may, upon the requisite showing ....'] to direct that transcript expenses are paid, the balance of the pertinent statutory language indicates that once a satisfactory showing of need for the

> transcripts and inability to pay has been made, the court should direct that such expenses be paid, unless alternative means for timely obtaining the transcripts are available.").

Id.

On September 20, 2016, we issued an "Order Upon Remand From the Hawaiʻi Supreme Court," which ordered Godines to submit a further motion on her request for waiver of transcript costs within thirty (30) days. The order also permitted Plaintiff-Appellee State of Hawaiʻi (**State**) to file a response to Godines' motion.

On October 26, 2016, Godines filed her "Further Motion on Respondent's [Appellant's] Request for Waiver of Transcript Cost" (**Motion to Waive Transcript Costs**). The State did not file a response.

On February 14, 2017, this court filed an Order granting Godines' Motion to Waive Transcript Costs that: directed that fees for transcripts requested by Godines be paid from available court funds or waived; ordered the court reporters to prepare and file the requested transcripts; and set a supplemental briefing schedule.

Following this court's February 14, 2017 Order, the transcripts for the six proceedings requested by Godines were filed in the record.

Thereafter, Godines requested an extension of time to file her supplemental opening brief and then requested a further extension of her supplemental opening brief, asserting that certain transcripts in the record contain "alterations and omissions." We permitted Godines to file a motion specifying the basis for her claim regarding the transcripts and suspended the supplemental briefing schedule. We later remanded the case on a temporary basis to the District Court to allow Godines to address her concerns about the transcripts.

On January 31, 2018, we filed an "Order Re-Setting Supplemental Briefing Schedule" which stated in part:

(1) Since this case was remanded to this court by the Hawai'i Supreme Court's Judgment on Appeal filed on August 31, 2016, we have set several deadlines for supplemental briefing by the parties;

(2) We initially set the deadline for Defendant-Appellant Dannette Godines (Godines) to file her supplemental opening brief by May 15, 2017, but based on a request from Godines we extended the deadline to May 30, 2017;

(3) Godines subsequently asserted that transcripts filed in the record contain alterations and omissions warranting a further extension of the supplemental briefing schedule, and we suspended the supplemental briefing schedule to address her asserted issues with the transcripts;

(4) On October 31, 2018,[4] <u>we temporarily remanded the case to the District Court of the Third Circuit to allow Godines to file a motion specifying the corrections or modifications she claims are needed to the transcripts</u>; and

(5) The District Court Clerk's Certificate, filed on January 23, 2018, certifies that <u>there were no filings in the District Court case during the temporary remand</u>.

Therefore, IT IS HEREBY ORDERED that:

(A) The supplemental briefing schedule is re-set such that:

(i) <u>Appellant Godines shall file a supplemental opening brief by March 2, 2018</u>;

(ii) Appellee State of Hawai'i (State) shall file a supplemental answering brief within thirty (30) days after service of Appellant Godines' supplemental opening brief;

(iii) Appellant Godines may file a supplemental reply brief within fourteen (14) days after service of the State's supplemental answering brief;

(B) No further extensions shall be granted to Godines absent extraordinary circumstances;

(C) Any further requests for extensions shall be made by motion filed with the court pursuant to Rule 29(b) of the Hawai'i Rules of Appellate Procedure.

(Emphasis added and footnote omitted).

Godines failed to timely file a supplemental opening brief by the March 2, 2018 due date.

On March 8, 2018, the appellate clerk issued a "Default of Opening Brief" informing Godines that the time for filing the supplemental opening brief had expired and, pursuant to Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 30, the matter would be called to the court's attention on March 19, 2018, for such action as the court deems proper, which could include dismissal.

---

[4] "October 31, 2018" contains a typographical error and should instead state "October 31, <u>2017</u>."

The default notice further advised Godines that "[a]ny request for relief from this default should be made by motion. See HRAP Rules 26 and 27."

On March 19, 2018, Godines filed a letter addressed to an agent with the Federal Bureau of Investigation, Governor Ige, Chief Justice Recktenwald, and Chief Judge Nakamura (Ret.). Despite Godines' apparent allegations in her letter that transcripts provided to her by order of this court were somehow altered or omitted, she does not contest that she failed to seek any relief when this court ordered a temporary remand to the District Court to allow her to seek relief regarding her concerns about the transcripts.

Godines has not filed the supplemental opening brief, has not provided good cause or extraordinary circumstances for her failure to timely file her supplemental opening brief, and has not filed a motion seeking an extension of time pursuant to HRAP Rule 29(b).

The supreme court's Opinion concluded that if on remand we determined that Godines was entitled to payment of transcripts from court funds, "the transcripts shall be included in the record on appeal, and the ICA should allow for supplemental briefing on issues other than those related to HRS Chapter 291D." 138 Hawai'i at 254, 378 P.3d at 970. On remand, we determined that Godines was entitled to the transcripts and the transcripts were included in the record on appeal. Further, consistent with the supreme court's Opinion, we allowed for supplemental briefing on issues other than those related to HRS Chapter 291D. However, Godines has failed to file supplemental briefing, and thus, has not raised any issue beyond those raised in her initial briefs, which were addressed in our prior Summary Disposition Order.

In light of these circumstances, for the reasons set forth in our Summary Disposition Order filed on December 21, 2015, and given the Hawai'i Supreme Court Opinion filed on August 5, 2016, Godines has failed to demonstrate entitlement to relief in this appeal.

6

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgement and/or Order, filed on December 27, 2013, in the District Court of the Third Circuit, North/South Hilo Division is affirmed.

DATED: Honolulu, Hawai'i, May 21, 2018.

On the briefs:

Dannette Godines,
Defendant-Appellant, pro se.

Ryan K. Caday,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge